IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID J. CAPPS,

        Plaintiff,

v.

LAYNE FRAMBES and DONNA K. JOHNSON,

        Defendants.

CV-07-1562-ST

OPINION AND ORDER

In his Complaint originally filed in Multnomah County Circuit Court on September 14, 2007, plaintiff David J. Capps ("Capps"), an inspector with the Federal Protective Service ("FPS"), alleges a tort claim against defendants Layne Frambes ("Frambes") and Donna K. Johnson ("Johnson") for intentional interference with Capps' economic relations with the FPS. Frambes served as the Area Commander for the Portland unit of FPS and was Capps' direct supervisor. Complaint, ¶ 5. Johnson was a contract guard for FPS and worked at a building under Capps' supervision. Id, ¶ 6.

///

On October 17, 2007, the United States Attorney for the District of Oregon certified that Frambes was acting within the scope of his employment under the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 USC § 2679(d)(1).[1] The United States then removed the action to this court and moved to substitute the United States Attorney for the District of Oregon for Frambes (docket #5). The court granted that motion October 23, 2007 (docket #6).

After substitution of the United States for Frambes, the litigation is governed by the Federal Tort Claims Act ("FTCA"), 28 USC §§ 1346(b), 2671, *et seq*. Defendant asserts that this court lacks subject matter jurisdiction over Capp's claim against the United States because: (1) the FTCA does not waive the government's sovereign immunity for intentional torts arising out of interference with contract; and (2) Capps failed to file an administrative claim as required under the FTCA. 28 USC §§ 2675(a), 2680(h). Furthermore, regardless of whether Frambes was acting within the scope of his employment, defendant contends that Capp's tort claim also fails because it is preempted by the Civil Service Reform Act of 1978, 5 USC §§ 1101, *et seq*, ("CSRA"). For those reasons, defendant filed a motion to dismiss the First Claim for relief against the United States (docket # 7).

In his response to defendant's motion, Capps concedes that his tort claim against the United States is precluded by the CSRA. He requests that the court remand back to state court

---

[1] The Westfall Act provides that:
Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . ., and the United States shall be substituted as the party defendant.

the remaining pendent state tort claim for intentional interference with economic relations against Johnson (Second Claim for Relief).

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts have discretion to remand the remaining state claims. *Harrell v. 20th Century Ins. Co.*, 934 F2d 203, 205 (9th Cir 1991). In considering such a motion to remand, district courts should consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 US 343, 357 (1988). In the usual case, "it is generally preferable for a district court to remand remaining pendant claims to state court." *Harrell*, 934 F2d 205.

Capps' counsel has conferred with counsel for the United States and represents that the United States does not oppose remand of the remaining state claim. This case was removed to this court less than three months ago and has not progressed beyond the substitution of the United States and the filing of this motion to dismiss. Therefore, this court agrees with the parties that a remand of the remaining claim to state court is appropriate.

## ORDER

For the reasons set forth above, defendants' Motion to Dismiss (docket #7 ) is GRANTED, the First Claim for Relief is DISMISSED with prejudice, and the remaining Second Claim for Relief alleged against defendant Donna K. Johnson is REMANDED to the Multnomah County Circuit Court for the State of Oregon.

DATED this 18 day of December, 2007.

_____
Michael W. Mosman
United States District Judge